U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 14 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GREGORY MARK HICKS, §
 §
    Movant, §
 §
VS. §  NO. 4:08-CV-122-A
 §  (NO. 4:03-CR-336-A)
UNITED STATES OF AMERICA, §
 §
    Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Gregory Mark Hicks ("Hicks") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed Hicks's motion, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

An indictment filed December 17, 2003, charged Hicks and others with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. On March 19, 2004, Hicks pleaded guilty to the offense charged by a superseding information, and waived the return of indictment as to such offense. By order signed July 6, 2004, the court informed all parties involved that it was tentatively inclined to reject the plea agreement because it capped Hicks's imprisonment exposure to twenty years, when under the United States Sentencing Guidelines the range would have been 262 to 327 months if Hicks

had been convicted of the offense charged in the indictment. The court ultimately did reject the plea agreement, and accordingly gave Hicks the opportunity to withdraw his guilty plea to the offense charged by the superseding indictment. Hicks did not withdraw his plea. On the morning of August 9, 2004, the day that Hicks was to be tried on the offense charged in the indictment, he pleaded guilty to the offense charged in the indictment. Subsequently, the court granted the government's motion to dismiss the superseding information, and sentenced Hicks to 288 months' incarceration, to be followed by a term of supervised release of four years, based on his plea of guilty to the offense charged in the indictment. The United States Court of Appeals for the Fifth Circuit affirmed such conviction and sentence, and the Supreme Court denied certiorari on February 20, 2007. Hicks filed his § 2255 motion on February 25, 2008.

II.

## Grounds of the Motion

Hicks alleges that he was rendered ineffective assistance of counsel in connection with his plea of guilty to the offense charged in the superseding information and his waiver of grand jury indictment with respect to the same offense.[1]

---

[1] As his third ground, Hicks states that counsel was ineffective "based on the fact that counsel allowed the Government to Breach the Written as well as oral Plea Agreement." Mot. at 5. Hicks does not allege anything as would support his claim of such breaches, and, in any event, the court rejected the plea agreement and subsequently dismissed the superseding information that charged the offense to which the plea agreement related.

2

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).

## IV.

### Analysis

"[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." Id. (quoting Blackledge v. Allison, 431 U.S. 63,

3

73-74 (1977)). However, a guilty plea may be invalid if it was induced by unkept promises made by defense counsel. Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989).

Hicks argues that his trial counsel, Andrew Platt ("Platt"), was ineffective in advising him to plead guilty and waive grand jury indictment with respect to the offense charged in the superseding indictment. He contends that he "was never made aware that the court could reject the plea deal and subject him to a much greater sentencing scheme than the one represented to him by his attorney . . . [and] that he was ill-informed as to the Plea Agreement . . . ." Mot. at 6. Hicks seems to address all of his complaints to the guilty plea he entered as to the offense charged in the superseding information. The superseding information was dismissed, however, by order signed February 6, 2006. Accordingly Hicks cannot now show prejudice resulting from his plea of guilty to the offense charged in the superseding information.

Even if the court were to give Hicks the benefit of the doubt and assume, arguendo, that he was challenging his plea of guilty to the offense charged in the indictment, such a challenge has already been considered and rejected by this court. On December 6, 2004, Hicks filed a motion to withdraw his pleas of guilty to the indictment and superseding information. The court denied the motion by order signed December 20, 2007.

4

At the hearing on the motion, the court stated on the record its reasons for denying the motion. The court concluded that:

> Mr. Platt . . . was doing what he could to try to properly represent the defendant and did adequately represent the defendant. It just turns out that the Court didn't go along with what he was able to persuade the government to do, that is, to try to cause him to receive a lower sentence than he should receive under the guidelines . . . the Court didn't go along with it. But that's not Mr. Platt's fault. So he had effective assistance of counsel.

Tr. of Dec. 17, 2004, Hr'g at 22.

The court further concluded that each time Hicks pleaded guilty, "it was perfectly knowing and voluntary." Id. Indeed, each time Hicks pleaded guilty, the court went through the usual questions and admonishments with Hicks: under oath, Hicks indicated that he did not have any deal or understanding or agreement with the government other than what was in the plea agreement, and that he understood when the court explained it could take into account facts that were not included in the factual resume in deciding what sentence to impose. With respect to Hicks's plea to the superseding information, the undersigned "went through about every kind of warning I could give him that [the sentence] may not be what he then thought it was going to be . . . and wanted to be sure he understood he was running those risks, and he assured me that he did." Id. at 17. Hicks's argument that he was somehow induced into pleading in an uninformed manner is especially unpersuasive with respect to his plea to the indictment because by the time he entered that plea he was experienced with the process, having already been through

5

it once before.

Hicks has not presented anything in his motion as would overcome the presumption of verity attached to the declarations he made in connection with his pleas or otherwise cause the court to reconsider its prior conclusions that Hicks was rendered effective assistance of counsel in connection with his guilty pleas, and that his pleas were knowing and voluntary.

* * * * *

Hicks has failed to show that he is entitled to any relief.

## VI.

## ORDER

For the reasons discussed above,

The court ORDERS that Hicks's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED March 14, 2008.

JOHN McBRYDE
United States District Judge